IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-395-D

|                                      |   |        |
|--------------------------------------|---|--------|
| MICHAEL K. PARKER,                   | ) |        |
|                                      | ) |        |
| Plaintiff,                           | ) |        |
|                                      | ) |        |
| v.                                   | ) | **ORDER** |
|                                      | ) |        |
| MICHAEL J. ASTRUE,                   | ) |        |
| Commissioner of the Social Security  | ) |        |
| Administration,                      | ) |        |
|                                      | ) |        |
| Defendant.                           | ) |        |

On June 16, 2011, Magistrate Judge Gates issued a Memorandum and Recommendation

("M&R") [D.E. 40]. In that M&R, Judge Gates recommended that the court deny plaintiff's motion

for judgment on the pleadings [D.E. 35], grant defendant's motion for judgment on the pleadings

[D.E. 37], and affirm the final decision of defendant. On June 30, 2011, plaintiff filed objections

to the M&R [D.E. 41]. On July 13, 2011, defendant responded to plaintiff's objections [D.E. 43].

"The Federal Magistrates Act requires a district court to make a de novo determination of

those portions of the [magistrate judge's] report or specified proposed findings or recommendations

to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th

Cir. 2005) (alteration in original) (quotation omitted) (emphasis removed). Absent a timely

objection, "a district court need not conduct a de novo review, but instead must only satisfy itself

that there is no clear error on the face of the record in order to accept the recommendation." Id.

(quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those

portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear

error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). In determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Administrative Law Judge ("ALJ") analyzed the relevant evidence and sufficiently explained his or her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966); see Craig, 76 F.3d at 589. This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456.

Plaintiff argues that Judge Gates erred in finding that the ALJ sufficiently considered whether plaintiff met or equaled Listing 4.11. See Pl.'s Obj. 2–5. Plaintiff also argues that Judge Gates erred in finding that the ALJ properly considered Social Security Ruling 02-1p. See id at 5–7. Finally, plaintiff objects that Judge Gates erred in finding that the ALJ properly assessed plaintiff's arguments concerning credibility. See id. at 8.

Judge Gates cogently addressed plaintiff's arguments. This court agrees with Judge Gates's thorough analysis and adopts it as its own. Plaintiff's objections lack merit and are overruled.

2

In sum, the court adopts the M&R [D.E. 40]. Plaintiff's motion for judgment on the pleadings [D.E. 35] is DENIED, defendant's motion for judgment on the pleadings [D.E. 37] is GRANTED, and defendant's final decision is AFFIRMED.

SO ORDERED. This 2͗2͗ day of July 2011.

JAMES C. DEVER III
United States District Judge

3